UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DEE MCGLOWN,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.
_____/

CASE NO. 15-11624

HONORABLE SEAN F. COX

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF THE HABEAS CORPUS PETITION** (document no. 5)**,
DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE**,
**DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**

This matter has come before the Court on petitioner Leonard Dee McGlown's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The pleading challenges Petitioner's convictions for first-degree (premeditated) murder, Mich. Comp. Laws § 750.316(1)(a), conspiracy to commit murder, Mich. Comp. Laws § 750.157a, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. The State has filed a motion for summary judgment and dismissal of the habeas petition on the ground that Petitioner failed to exhaust state remedies for all his claims. Although Petitioner

opposes the State's motion, the Court agrees with the State that Petitioner has not satisfied the exhaustion requirement. Accordingly, the Court will grant the State's motion and dismiss the habeas petition without prejudice.

## I. Background

The charges against Petitioner and his co-defendants arose from the shooting of Marcus Newsom in Adrian, Michigan. The Michigan Court of Appeals provided the following summary of the facts and history of the case:

> According to the prosecution, [Paul Edward Daniel, Leonard Dee McGlown, and Peter Lamont Daniel], along with codefendant Cordall Neal, shot the victim in his car at about 9:30 p.m. According to witness testimony, the victim was driving in a red car when a light-colored van either slowed or stopped next to the victim's car at the intersection of Park Street and College Avenue in Adrian, Michigan. Gun shots were heard, and the van left the scene immediately. The victim was found badly injured in his vehicle, which belonged to his sister, and died shortly thereafter in the hospital from multiple gunshot wounds. A few minutes after the shooting, defendants were stopped by police because they were driving in a light-colored van which matched witnesses' descriptions of the van involved in the shooting. Neal was in the driver's seat, defendant McGlown was in the passenger seat, and the Daniel defendants were in the back seat. Later, while retracing the route between the shooting and the location where defendants were stopped, police recovered two revolvers, a pistol, and three gloves that had been discarded in the roadway. Bullets from one of the revolvers were found in the victim's vehicle, and bullets from the pistol were found in the victim's body.
>
> Defendants were subsequently charged and tried for murder. The victim's aunt testified that Neal called her after the shooting. Allegedly, Neal had been trying to shoot the victim's sister's boyfriend, Jamal Bradley, because Bradley allegedly robbed Neal's grandmother and shot Neal's uncle. Both the victim and Bradley frequently drove the victim's sister's vehicle, a red car. Neal told the

> victim's aunt that he had paid his twin uncles to kill Bradley. According to Neal, defendants had shot the victim by mistake because they thought it was Bradley. Neal told the victim's aunt that he was driving and fired no shots.

*People v. McGlown*, No. 308231, 2014 WL 3844010, at *1 (Mich. Ct. App. Aug. 5, 2014).

On October 26, 2011, Petitioner's jury found him guilty of first-degree murder, conspiracy to commit first-degree murder, and one count of felony-firearm. On November 18, 2011, the trial court sentenced Petitioner to two years in prison for the felony-firearm conviction, followed by life imprisonment for the murder and conspiracy convictions.

In an appeal before the Michigan Court of Appeals, Petitioner argued that: (1) the trial court violated his right to confront the witnesses against him by admitting a witness's out-of-court testimony as substantive evidence; (2) the trial court violated his right to present a defense by recognizing a defense witness's Fifth Amendment privilege against self incrimination even though the proposed questions could not have yielded incriminating answers; (3) the trial court violated his right to present a defense by precluding all testimony from the defense witness, rather than requiring the witness to invoke his Fifth Amendment privilege on a question-by-question basis; (4) the trial court infringed on Petitioner's right to be presumed innocent by requiring Petitioner to wear restraints or a taser device

during trial; and (5) trial counsel was ineffective for failing to request a gunshot residue test on Petitioner's clothing. The Michigan Court of Appeals found no merit in these claims and affirmed Petitioner's convictions in an unpublished, *per curiam* opinion on August 5, 2014. *See McGlown*, 2014 WL 3844010.

Petitioner raised the same five claims in the Michigan Supreme Court. He subsequently moved for permission to submit a supplemental brief in which he contended that he was innocent of first-degree murder and that his trial attorney was ineffective for not investigating and raising a defense of "mere presence." On March 31, 2015, the Michigan Supreme Court granted Petitioner's motion to file a supplemental brief, but denied his application for leave to appeal because the court was not persuaded to review the issues presented to it. *See People v. McGlown*, 497 Mich. 982; 860 N.W.2d 628 (2015).

On April 30, 2015, Petitioner signed and dated his habeas corpus petition, and on May 4, 2015, the Clerk of the Court filed the petition. Petitioner alleges as grounds for relief that: (1) the trial court violated his right to confront the witnesses against him by allowing a witness's prior testimony to be read into the record; (2) the trial court violated his right to present a defense by recognizing a defense witness's Fifth Amendment privilege against self incrimination even though the proposed questions could not have yielded incriminating answers; (3)

4

the trial court violated his right to present a defense by precluding all testimony from the defense witness, rather than requiring the witness to invoke his Fifth Amendment privilege on a question-by-question basis; (4) the trial court infringed on his right to be presumed innocent by requiring him to wear restraints or a taser device during trial; (5) trial counsel was ineffective for failing to request a gunshot residue test on Petitioner's clothing; (6) the State's highest court erred reversibly by denying his motion to remand for a hearing on his claim about trial counsel; and (7) he is innocent of first-degree murder, and trial counsel was ineffective for failing to conduct an investigation on a defense of "mere presence."

The State argues in its motion for summary judgment and dismissal of the petition that Petitioner failed to exhaust state remedies for his seventh claim. Petitioner replies that he satisfied the exhaustion requirement by raising all his claims in the Michigan Supreme Court.

## II.  Analysis

### A.  Summary Judgment and the Exhaustion Requirement

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the responsibility for "identifying those parts of the record that demonstrate the absence of any

genuine issue of material fact." *Modowan v. Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The State's motion for summary judgment and dismissal of the habeas petition is based on 28 U.S.C. § 2254(b)(1), which requires state prisoners to present their claims to the state courts before raising the claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court when that review is part of the state's ordinary appellate review procedure. *Id.* at 845, 847. Thus, to properly exhaust state remedies, a habeas petitioner must fairly present each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Exceptions to the exhaustion requirement exist when "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or when "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii).

### B. Application

Petitioner exhausted state remedies for his first five claims by raising those claims in the Michigan Court of Appeals and in the Michigan Supreme Court on direct appeal. Petitioner did not raise his sixth claim in any state court, and he raised his seventh claim only in the Michigan Supreme Court, not the Michigan Court of Appeals.

Petitioner lacks an effective state remedy for his sixth claim regarding the Michigan Supreme Court's denial of his motion for a remand, because the time for seeking reconsideration of the Michigan Supreme Court's order has expired. *See* Mich. Ct. R. 7.311(F)(1) and (G)(requiring a party to move for rehearing or reconsideration of a supreme court opinion or order within twenty-one days after the opinion or order is filed). Furthermore, if Petitioner attempted to raise his sixth claim in a motion for relief from judgment, the state trial court and the Michigan Court of Appeals would have no authority to overturn the Michigan Supreme Court's decision not to remand Petitioner's case for an evidentiary hearing. The Court therefore deems the sixth claim exhausted.

As for Petitioner's seventh claim regarding trial counsel's failure to investigate and raise a "mere presence" defense, there is an available state remedy to exhaust. Petitioner can file a motion for relief from judgment in the state trial court pursuant to Subchapter 6.500 of the Michigan Court Rules. If the trial court

denies his motion, he may apply for leave to appeal in the Michigan Court of Appeals, *see* Mich. Ct. Rule 6.509(A), and in the Michigan Supreme Court, *see* Mich. Ct. Rule 7.303(B)(1).

Petitioner maintains that he exhausted state remedies for his seventh claim by presenting it to the Michigan Supreme Court, which granted him permission to raise the claim. The United States Supreme Court, however, has stated that the submission of a new claim to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner nevertheless contends that he is prevented from raising his seventh claim in a motion for relief from judgment because Michigan Court Rule 6.508(D)(2) prohibits state courts from granting relief from judgment if the motion alleges grounds for relief which were decided against the defendant in a prior appeal.[1] Petitioner contends that, if he raised his seventh claim in a motion for relief from judgment now, the trial court would reject the claim under Rule 6.508(D)(2) on the basis that the Michigan Supreme Court already decided the issue against him.

---

[1] An exception exists if "the defendant establishes that a retroactive change in the law has undermined the prior decision." Mich. Ct. R. 6.508(D)(2).

While it is true that the Michigan Supreme Court permitted Petitioner to supplement his application for leave to appeal with his claim about trial counsel's failure to raise a "mere presence" defense, the court did not adjudicate the merits of the claim. Instead, the court merely denied leave to appeal because it was not persuaded to review Petitioner's claim or any of the other issues he presented to the court. As succinctly explained in *Stokes v. Scutt*, 527 F. App'x 358 (6th Cir. 2013),

> "Rule 6.508(D)(2) does not bar claims raised for the first time in a direct appeal to the Michigan Supreme Court where the Supreme Court has denied the application for leave to appeal." *Lamb v. Jones*, No. 03–73587, 2005 WL 1378762 (E.D. Mich. June 2, 2005) (citing *People v. Shook*, No. 233346, 2002 WL 31379664, at *2 (Mich. Ct. App. Oct. 22, 2002)).

*Id*. at 366; *see also Skinner v. McLemore*, 425 F. App'x 491, 495 (6th Cir. 2011) (stating that, while Rule 6.508(D)(2) would apply to any claims that Skinner raised on direct appeal and in his motion for relief from judgment, the rule would not apply to claims that he failed to raise in the Michigan Court of Appeals on direct appeal and attempted to raise for the first time in the Michigan Supreme Court, which declined to entertain his appeal). Thus, Petitioner has an available state remedy to exhaust for his seventh claim.

In light of Petitioner's unexhausted seventh claim, the habeas petition is a "mixed" petition of exhausted and unexhausted claims. A federal court ordinarily

"must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). In the alternative, a federal court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claim[]. Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

Although a federal court also can deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2), the Court is unable to say at this time whether the habeas petition can be denied despite Petitioner's failure to exhaust state remedies for all his claims. Furthermore, Petitioner has not offered to dismiss his unexhausted seventh claim, and he asserts that he does not want his case stayed so that he can pursue additional state remedies. Instead, he wants the Court to proceed with his case and adjudicate all his claims.

As noted above, however, a federal district court ordinarily may not adjudicate a "mixed" petition of exhausted and unexhausted claim. *Rhines*, 544 U.S. at 273. The Court therefore concludes that the State is entitled to judgment in

its favor. Accordingly, the State's Motion for Summary Judgment and Dismissal of the Habeas Petition [document no. 5] is **GRANTED**, and the Petition for Writ of Habeas Corpus [document no. 1] is **DISMISSED** without prejudice.

### III. Denial of a Certificate of Appealability and Denial of Leave to Appeal *In Forma Pauperis*

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner clearly has not exhausted state remedies for one of his claims. Therefore, reasonable jurists would not find it debatable whether the Court's procedural ruling is correct. Accordingly, the Court declines to issue a certificate of appealability, and because an appeal could not be taken in good faith, the Court

also declines to grant leave proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2016, by electronic and/or ordinary mail.

                                              S/Shawna C. Burns
                                              Case Manager Generalist